UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SPENCER,<br><br>              Plaintiff,<br><br>       v.<br><br>N. HERNANDEZ and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>              Defendants. | Case No. 1:23-cv-00397-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 14)<br><br>FOURTEEN DAY OBJECTION PERIOD |

Before the Court is Plaintiff's First Amended Complaint. (Doc. No. 14). For the reasons set forth below, the undersigned recommends that the district court dismiss the First Amended Complaint under § 1915A for failure to state a claim.

**BACKGROUND AND OPERATIVE PLEADING**

Plaintiff, a state prisoner proceeding pro se, filed his initial civil rights complaint under 42 U.S.C. § 1983 on March 17, 2023. (Doc. No. 1, "Complaint"). The undersigned screened Plaintiff's Complaint and found that it failed to state a federal claim. (Doc. No. 11). Plaintiff was given three options: (1) file an amended complaint, (2) file a notice that Plaintiff intended to stand on his Complaint as screened subject to the undersigned recommending the district court dismiss

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

the Complaint, or (3) file a notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41. (*Id*. at 6). Plaintiff timely filed a First Amended Complaint. (Doc. No. 14, "FAC").

The FAC identifies two Defendants: (1) Correctional Officer N. Hernandez and (2) the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). (*Id*. at 2-3).[2] The events giving rise to the FAC occurred while Plaintiff was incarcerated at Substance Abuse Treatment Facility State Prison. (Doc. No. 14 at 6). Plaintiff alleges Defendant Hernandez violated the Eighth Amendment by failing to protect him by not securing Plaintiff's wheelchair or holding it in place when a hydraulic lift was being used to lower Plaintiff and his wheelchair. (*Id*. at 7-8). Specifically, Plaintiff states that Hernandez failed to secure his wheelchair "with a shoulder and lap belt" and his wheelchair "with four hooks." (*Id*. at 8, ¶22). As a result, Plaintiff "injured" his fourth finger "smashing" it "onto the side of the lift" while it was moving down. (*Id*., ¶15).

Plaintiff also brings a negligence claim under California Government Code § 815.2 against the Secretary of CDCR for failing to properly supervise and discipline Defendant Hernandez. (*Id*.). As relief, Plaintiff seeks unspecified compensatory and punitive damages and costs. (*Id*. at 11).

**APPLICABLE LAW**

**A. Section 1915A Screening**

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant. This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28

---

[2] The Court refers to the page numbers of the FAC as reflected on the Court's CM/ECF system instead of the page numbers on Plaintiff's FAC.

2

U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Examples of immunity that would preclude relief during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimis*, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construes the complaint in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). Nor does the court accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2).

Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, it is inappropriate for the court to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**B. Eighth Amendment Failure to Protect**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits "cruel and unusual punishment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); U.S. Const. Amend. VIII. A violation of the Eighth Amendment requires a showing of both an "objective component"—the objective seriousness of the challenged condition, and a "subjective component"—the responsible official's subjective state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v.*

4

*Seiter*, 501 U.S. 294, 298 (1991).  The Eight Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. at 832.  Where a prisoner alleges injuries stemming from an objectively unsafe condition of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos,* 152 F.3d 1124 (9th Cir.1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 835 (1994)).  A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 832.  Because the sufficiency of a conditions-of-confinement claim depends upon the particular facts of each situation; the "circumstances, nature, and duration" of the challenged conditions must be carefully considered. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer,* 511 U.S. at 842.  Thus, a showing of deliberate indifference rests on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp. of Am.,* 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 847). The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hernandez v. Denton,* 861 F.2d 1421, 1424 (9th Cir.1988) *vacated on other grounds sub nom. Denton v. Hernandez,* 112 S.Ct. 1728 (1992).

## ANALYSIS

### A. Eighth Amendment Failure to Protect Claim

Applying the standards set forth in *Farmer*, the undersigned finds the FAC fails to articulate any facts from which the Court can infer that the mere placement of a wheelchair on the hydraulic lift objectively qualifies as a "sufficiently serious" condition.  *Id*. 511 U.S. at 832.  The

Ninth Circuit[3] has not found that the failure to secure a seatbelt or restraint during transport, without more, rises to a constitutional violation.  However, other courts have found that the failure to seatbelt an adult inmate for transport, even if disabled or otherwise incapable of belting himself, while sufficient under state law to state a negligence claim, is insufficient by itself to state a risk of serious harm to give rise to a constitutional violation under the Eighth Amendment. *Dexter v. Ford Motor Co.*, 637 WL 254753 (10th Cir. Feb. 12, 2004); *see also Wilbert v. Quarterman*, 647 F. Supp. 2d 760, 769 (S.D. Tex. 2009) ("Considering the different circuit court opinions, it appears that an allegation of simply being transported without a seat belt does not, in and of itself, give rise to a constitutional claim."); *Simon v. Clements*, 2016 WL 8729781, at *1 (C.D. Cal. June 10, 2016) ("The law is clear that inmates who are transported by correctional officers do not have a constitutional right to the use of seat belts."); *King v. San Joaquin Cty. Sheriff's Dep't.*, No. CIV S-04-1158 GEB KJM, 2009 WL 577609, at *4 (E.D. Cal. Mar. 5, 2009) ("[A] prison's or jail's failure to equip a van or bus with seat belts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."), *report and recommendation adopted*, 2009 WL 959958 (E.D. Cal. Apr. 6, 2009).  As further evidence that the condition was not objectively sufficiently serious is the fact that Plaintiff sustained a de minimis injury—an injury to only his fourth finger which he described as being "smashed" against the lift.  Thus, the failure to seatbelt or restrain the wheelchair on the lift for transport, does not, in itself "expose an inmate to risks of constitutional dimension." *Dexter,* at *640.

      Second, even if the Court finds the placement of the wheelchair on the hydraulic lift constituted an objectively serious condition, the FAC fails to allege sufficient facts from which the Court can infer that Defendant Hernandez acted with deliberate indifference or a callous disregard for Plaintiff's safety.  The FAC contains only conclusory allegations that Defendant Hernandez knew a failure to secure Plaintiff while he was in a wheelchair and using the hydraulic

---

[3] In a different set of facts, the Ninth Circuit in a memorandum decision suggested a claim may be alleged. *See, e.g., Ford v. Fletes*, 211 F.3d 1273, 2000 WL 249124 at *1 (9th Cir. 2000) (unpublished) (recognizing that prisoner may be able to allege facts showing deliberate indifference when he was injured from fall out of a vehicle while transported in handcuffs behind his back in a vehicle without doors, seat belts or restraints) (*citing Farmer*, 511 U.S. at 837).

1 lift would result in Plaintiff facing an excessive risk to his safety.  Such allegations are legal

2 conclusions that the court "need not assume the truth of." *United States ex rel. Chunie v.*

3 *Ringrose,* 788 F.2d at 643.  The FAC contains no facts identifying what excessive risk to his

4 safety Plaintiff faced.  To the extent Plaintiff attributes liability to Hernandez for failing to follow

5 the existing protocol concerning transporting wheelchair confined inmates, this alone does not

6 state a constitutional violation.  *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000)

7 ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference

8 because doing so is at most a form of negligence.").

9       As the undersigned explained when she screened Plaintiff's initial complaint, Plaintiff

10 must allege specific facts to satisfy the subjective prong—that the prison official was deliberately

11 indifferent—"possessed a sufficiently culpable state of mind."  *Wilson*, 501 U.S. 297-98; *see also*

12 Doc. No. 11 at 4.  This requires the official to be aware of the substantial risk of harm and

13 disregard that risk by failing to abate it using reasonable measures.  *Farmer*, 511 U.S. at 837-45.

14 This level requires more than negligence but less than actual malice.  *Id.* at 835-36.  Despite the

15 Court's explanation, the FAC, is devoid of any fact suggesting Defendant Hernandez was

16 deliberately indifferent to a serious threat to Plaintiff's safety when she did not secure Plaintiff's

17 wheelchair to the hydraulic ramp.  Similarly, the FAC is also devoid of any fact suggesting

18 Defendant Hernandez was deliberately indifferent to a serious threat to Plaintiff's safety when she

19 did not hold Plaintiff's wheelchair while lowering him down using the hydraulic ramp.  Supreme

20 Court precedent is clear that the deliberate indifference standard delineates ordinary injuries from

21 accidents from actionable conduct under the Eighth Amendment.  *Farmer*, 511 U.S. 835.  At

22 most, the facts as alleged amount to no more than negligence, but negligence is not enough to

23 satisfy the deliberate indifference standard which requires at least wanton conduct.  *See id*. at 835;

24 *see also Daniels v. Williams*, 474 U.S. 327, 333 (1986).  Thus, there are no facts alleged from

25 which the Court can infer that Defendant Hernandez acted with deliberate indifference as opposed

26 to simple negligence.  *See Warren v. Missouri,* 995 F.2d 130 (8th Cir.1993) (finding no evidence

27 of deliberate indifference where an inmate was forced to work on an industrial table saw and the

28 prison failed to equip the saw with safety features even though there were prior injuries from the

7

saw); *Bibbs v. Armontrout,* 943 F.2d 26 (8th Cir.1991) (no deliberate indifference where prisoner forced to work on a machine without safety guards because no evidence that prison officials "willfully overlooked the condition of the equipment" or knew the safety guards were not used on the machine).  As a result, the FAC fails to allege an Eighth Amendment failure to protect claim against Defendant Hernandez.

### B.  California Government Code § 815.2

The FAC alleges a state tort claim against the Secretary of CDCR for violating California Government Code § 815.2 for negligently hiring, supervising, and training Defendant Hernandez. (Doc. No. 14 at 11).  However, as explained *supra*, the FAC fails to state a federal claim. Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Because the Court finds the FAC fails to state a federal claim, the undersigned recommends that the district court decline the state law negligence claim against the Secretary.  Without at least one claim based on a federal question or diversity of citizenship, a court should decline to exercise jurisdiction over a plaintiff's state law tort claim.  28 U.S.C. § 1367(c)(3); *Les Shockley Racing, Inc. v. National Hot Rod Asso.*, 884 F.2d 504, 509 (9th Cir.1989).

### CONCLUSION AND RECOMMENDATION

Based on the above, the undersigned finds Plaintiff's FAC fails to state a cognizable Eighth Amendment claim.  The FAC merely reasserts the same allegations from Plaintiff initial Complaint.  Plaintiff was advised in the July 18, 2023 screening order that the facts as pled did not rise to an Eighth Amendment violation.  The fact that the FAC realleges the virtually identical facts demonstrates that Plaintiff cannot cure the deficiencies identified above with a further amended complaint.  Thus, the undersigned recommends that the district court dismiss the FAC without further leave to amend.  *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, it is **RECOMMENDED**:

The First Amended Complaint (Doc. No. 14) be dismissed under § 1915A for failure to state a claim and this case be CLOSED.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: September 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

9